# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

|  |  |
|---|---|
| Christopher Waller, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Credit One Financial d/b/a Credit One Bank; and DOES 1-10, inclusive, | **COMPLAINT** |
|  | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Christopher Waller, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Christopher Waller ("Plaintiff"), is an adult individual residing in Chickamauga, Georgia, and is a "person" as defined by 47 U.S.C. § 153(10).

5. Defendant Credit One Financial d/b/a Credit One Bank ("Credit"), is a business entity with an address of 585 Pilot Road, Las Vegas, Nevada 89119, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual agents employed by Credit and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Credit at all times acted by and through one or more of the Agents.

## FACTS

8. On or about November 2013, Credit began placing calls to Plaintiff's cellular telephone, number 912-xxx-1511.

9. Credit placed calls from number 855-213-5764 to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answers the calls from Credit, there is a period of silence before he hears a prerecorded message delivered by Credit. The prerecorded message instructs Plaintiff to remain on the phone and wait for an available operator.

11. On other occasions, when Plaintiff answers the calls from Credit, he is met with a period of silence and then the call disconnects.

12. During a conversation with Credit in late November 2013, Plaintiff demanded that the calls to his cellular telephone cease.

13. Plaintiff has a business relationship with Credit and originally provided his consent for Credit to contact his cellular telephone.

14. However, Credit no longer has consent to contact Plaintiff on his cellular telephone after being instructed to cease all calls.

15. Regardless, Credit continued to place calls to Plaintiff's cellular telephone, knowing that it no longer had consent to do so.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. At all times mentioned herein and within the last four years, Credit called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

18. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

19. Credit's telephone systems appear to be, in part, a predictive dialer. Often times when Plaintiff answered the phone, he was met with a period of silence before hearing a prerecorded message delivered by Credit.

20. Other times when Plaintiff would answer calls from Credit, he was met with a period of silence and the call would then be disconnected.

21. Upon information and belief, Credit's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. Credit continued to place automated calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

23. The telephone number called by Credit was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24. The calls from Credit to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Each of the aforementioned calls made by Credit constitutes a violation of the TCPA.

26. As a result of each of Credit's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

27. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INTENTIONAL (OR RECKLESS) INFLICTION OF EMOTIONAL DISTRESS

28. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

30. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Georgia.

31. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

32. Defendants could reasonably foresee its conduct would cause mental anguish and emotional distress to Plaintiff.

33. Plaintiff did indeed suffer mental anguish and emotional distress.

34. Defendant's conduct resulted in reckless infliction of emotional distress under the laws of the State of Georgia.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Actual damages from Defendant for the all damages suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

4. Punitive damages; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 23, 2013

        Respectfully submitted,

        By: /s/ Sergei Lemberg, Esq.
        Attorney Bar No.: 598666
        Attorney for Plaintiff Christopher Waller
        LEMBERG LAW L.L.C.
        1100 Summer Street, Third Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250 ext. 5500
        Facsimile:   (203) 653-3424
        Email: slemberg@lemberglaw.com